■ BUDGET FINANCIAL CORPORATION, Appellant, v. RAYMOND BERNSTEIN, Respondent. BUDGET FINANCIAL CORPORATION, Appellant, v. HAROLD BERN-

STEIN, Respondent.— In these cases, consolidated for purposes of appeal, the two orders, Supreme Court, New York County, each entered January 16, 1973, are unanimously reversed, on the law, and the motion by plaintiff in each case for summary judgment is granted. Plaintiff-appellant shall recover of respondents one bill of $60 costs and disbursements. Since the actions are virtually identical they will be treated together. On or about January 12, 1968 each defendant purchased a herd of cattle from Black Watch Farms (Black Watch) for an aggregate price as to each of $52,500. Payment therefor was evidenced by a series of 36 promissory notes payable to Black Watch. Additionally, each defendant signed an estoppel letter, dated January 12, 1968, that no defenses existed to the notes. February 20, 1969, plaintiff made a loan of approximately $1,435,000 to Black Watch, and as collateral security for. the loan the notes of each defendant together with the estoppel letters were transferred to plaintiff. The notes from defendants were thereafter paid regularly, without protest until each defendant defaulted on his note due October 1, 1970. Since the notes contained a provision for acceleration in the event of default, plaintiff elected to sue for the full amount due on the notes, $24,750, plus interest. Meanwhile in September, 1970, Black Watch filed a petition in bankruptcy, thereby creating a default on its loan agreement. At or about the time of the purchase of the herds, each defendant entered into a maintenance agreement with Black Watch for the care of the cattle. The notes in issue however have only to do with the purchase and not the maintenance of the herds. Plaintiff commenced these actions in January, 1971, and issue was joined in March, 1971, by service of an answer. In August, 1972, plaintiff moved for summary judgment, which motions were denied and these appeals resulted. On appeal respondents urge as they did below that there are triable issues of fact, that plaintiff is not a holder in due course, that plaintiff's interest is limited to 75%, and the estoppel letters do not estop or preclude defendants from asserting defenses to these actions. In our view neither the defenses nor the arguments advanced by defendants are persuasive. These notes were negotiated to plaintiff in February, 1969, and there is nothing in the record to indicate that Black Watch was in default of any obligation to defendants arising out of its agreements with defendants. Nor do defendants show that at the time in question Black Watch was not carrying out or was financially unable to carry out its obligations to them (see Uniform Commercial Code, § 3–305). Again, it should be pointed out, these notes had to do with the purchase price only. Section 3–302 of the Uniform Commercial Code, declares a holder in due course to be one who takes an instrument "(a) for value; and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." Tested by the foregoing criteria, nothing in this record warrants denial of the status of a holder in due course to this plaintiff. Defendants' contention of a limited interest of 75%, based upon subdivision (4) of section 3–302, is without merit or support. The loan and security agreement of February 20, 1969, between plaintiff and Black Watch provided, in part, that plaintiff had a security interest in the notes and "in and to all proceeds thereof" to secure the payment of Black Watch's indebtedness, with the exclusive right in plaintiff to the proceeds and to collect the same. It thus appears to have been the intention of the parties to transfer the entire interest in such notes as security for the obligation of Black Watch until the indebtedness was discharged (Uniform Commercial Code, § 3–303). Since the obligation was never discharged, whatever interest Black Watch

might have had, reversionary or otherwise, is not now viable. If, at some future date, plaintiff is completely made whole for its loan to Black Watch, and it is found that other parties to like transactions and in an equal situation are not called upon to share equally in the burden, there might then exist for defendants a right of contribution (cf. *Asylum of St. Vincent De Paul* v. *McGuire*, 239 N. Y. 375). We find no triable issues of fact warranting denial of the motion for summary judgment. Concur — Stevens, P. J., Murphy, Lane, Steuer and Tilzer, JJ.